UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert R., | Case No. 2:24-cv-01858-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 9] |
| Frank Bisignano, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's opening brief seeking remand. Docket No. 9. The Commissioner filed a responsive brief in opposition. Docket No. 12. Plaintiff filed a reply. Docket No. 13. The parties consented to resolution of this matter by the undersigned magistrate judge. *See* Docket Nos. 3-4.

**I.    STANDARDS**

A.    Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). The claimant must also meet insurance requirements. 20 C.F.R. § 404.130. The second step addresses whether the claimant has a medically determinable impairment that is severe or a

1

combination of impairments that significantly limits basic work activities. 20 C.F.R. § 404.1520(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. § 404.1520(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. § 404.1520(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g).

### B.   Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

## II.   BACKGROUND

### A.   Procedural History

On December 6, 2021, Plaintiff filed an application for disability benefits with an alleged onset date of November 9, 2021. *See, e.g.*, Administrative Record ("A.R.") 202-06. On May 3, 2022, Plaintiff's application was denied initially. A.R. 75-82. On November 7, 2022, Plaintiff's claim was denied on reconsideration. A.R. 83-91. On November 25, 2022, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 111-112. On August 9, 2023, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Cynthia Hoover. *See* A.R. 54-74. On September 26, 2023, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. A.R. 15-30. On

August 20, 2024, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-7. On October 4, 2024, Plaintiff commenced this suit for judicial review. Docket No. 1.

B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process. A.R. 20-26. At step one, the ALJ found that Plaintiff met the insured status requirements and had not engaged in substantial gainful activity since the alleged onset date. A.R. 20. At step two, the ALJ found that Plaintiff has the following severe impairments: bilateral knee osteoarthrosis and obesity. A.R. 20-22. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 21. The ALJ found that Plaintiff has the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) except he must never climb ladders, ropes, or scaffolds; he can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; and he must avoid extreme cold and hazards, such as unprotected heights and dangerous moving machinery like chainsaws and jackhammers.

A.R. 21-25. At step four, the ALJ found Plaintiff was unable to perform any past relevant work. A.R. 25. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity. A.R. 25-26. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-49 on the alleged onset date, who subsequently changed age category to closely approaching advanced age, with at least a high school education. A.R. 25. The ALJ found the transferability of job skills to be immaterial. A.R. 25. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a marker, assembler, and cleaner. A.R. 25-26. Based on all of these findings, the ALJ found Plaintiff not disabled since the alleged onset date. A.R. 26.

## III.  ANALYSIS

Plaintiff raises two arguments on appeal.  First, Plaintiff argues that the ALJ failed to properly evaluate the opinions of Dr. Steven Nishiyama.  Second, Plaintiff argues that the ALJ formulated the RFC without the support of substantial evidence.  The Court addresses each issue in turn below.

### A.  Evaluation of the Opinions of Dr. Nishiyama

Plaintiff argues that the ALJ failed to properly evaluate the opinion of his treating physician, Dr. Nishiyama.  Plaintiff argues that the ALJ erred in rejecting Dr. Nishiyama's opinion as "conclusory" given the accompanying medical records.  *See, e.g.*, Docket No. 9 at 7-8.  Plaintiff also argues that the ALJ lacked substantial evidence in finding the opinion unpersuasive as being inconsistent with daily activities, the objective medical record, and a conservative treatment regimen.  *See, e.g.*, *id.* at 8-11.  The Commissioner argues that the ALJ properly weighed supportability and consistency, such that the decision to discount Dr. Nishiyama's opinions was supported by substantial evidence.  *See* Docket No. 12 at 4-7.

When evaluating medical evidence, an ALJ cannot "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)."  20 C.F.R. § 404.1520c(a).  The ALJ must "articulate how [the ALJ] considered the medical opinions and prior administrative medical findings" based on certain specified factors.  *Id.*  The most important factors are supportability and consistency, which the ALJ must address.  20 C.F.R. § 404.1520c(b).  "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'  Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'"  *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (quoting 20 C.F.R. §§ 404.1520c(c)(1) & (c)(2)).  "[T]he decision to discredit any medical opinion, must simply be supported by substantial evidence."  *Id.* at 787.

In this case, Dr. Nishiyama opined that, while Plaintiff could lift/carry up to 20 pounds occasionally, he could only stand/walk for about two hours per eight-hour period.  A.R. 408.  Dr.

Nishiyama also assessed other limitations such as an expected degree of absenteeism at a rate of more than four days per month. *Id.* The ALJ rejected Dr. Nishiyama's opinion as follows:

> I find the opinion of Steven Nishiyama, D.O., that the claimant has the capacity for a range of sedentary exertional work is unpersuasive (Ex. 5F). Dr. Nishiyama's opinion is conclusory. He failed to provide objective findings or an explanation to support his opinion. Further, his opinion is not consistent with the record, which revealed the claimant is able to engage in a wide variety of activities of daily living, including working as a delivery driver; benign objective findings detailed above; and routine and conservative treatment regimen involving medications. Accordingly, this opinion is unpersuasive.

A.R. 24.

The Court agrees with Plaintiff that the ALJ's consistency finding is not sufficiently explained and supported.[1] Taking the reasons in reverse order, the ALJ's finding that Plaintiff had only a conservative treatment regimen is not supported by substantial evidence. As Plaintiff explained in his opening brief, he was recommended for knee surgery. *See, e.g.*, Docket No. 9 at 11 (citing A.R. 371). Plaintiff expressed interest in the surgery, but was unable to obtain it because of his obesity. *Id*. The ALJ failed to recognize this surgery recommendation. Moreover, the ALJ indicated that the record did not substantiate financial or insurance reasons for not obtaining more aggressive treatment, A.R. 24, but the ALJ failed to acknowledge that Plaintiff's obesity was a barrier to the surgery. Although Plaintiff's opening brief clearly and distinctly raised this argument, Docket No. 9 at 10-11, 14, the Commissioner provided no meaningful response in the

---

[1] Plaintiff also argues that the ALJ erred in finding that Dr. Nishiyama's opinion was not well supported since it is conclusory. Neither party sufficiently briefs this issue on appeal. An ALJ is permitted to discount a medical opinion that is conclusory in nature. *See, e.g.*, *Woods*, 32 F.4th at 794. Case law under the older regulatory scheme has at times indicated that, in some circumstances, an ALJ must consider the related medical record before discounting an opinion as conclusory. *See, e.g.*, *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017). For Plaintiff's part, he has not explained why the latter line of cases would apply here, particularly given that the cited records appear to reflect predominately visits with Alysse A. Thummel (not Dr. Nishiyama). *See* A.R. 368 (office visit with provider Alysse Thummel on August 11, 2022); A.R. 372 (same for office visit on May 16, 2022); A.R. 377 (same for office visit on February 25, 2022); A.R. 381 (same for office visit on December 3, 2021). For the Commissioner's part, he does not meaningfully address the issue at all. *See* Docket No. 12 at 5 (arguing without development a distinction between conclusory opinions and form opinions). The Court finds remand warranted in light of the findings made elsewhere in this order, so the Court declines to decide this particular issue given the parties' insufficient development.

opposition brief. Instead, the Commissioner essentially summarizes the record and then declares that there was substantial evidence. *See* Docket No. 12 at 6-7. The Commissioner fails to explain in cogent fashion how the ALJ did not err in finding Plaintiff had only conservative treatment without the ALJ acknowledging Plaintiff's surgery recommendation and the fact that his obesity prevented that surgery from occurring. Having failed to provide meaningful argument on this issue, the Commissioner has waived any argument that the ALJ properly relied on the purportedly "conservative" nature of treatment in light of Plaintiff's surgery recommendation. *See, e.g.*, *Henderson v. Saul*, 2020 WL 774360, at *3 n.3 (D. Nev. Feb. 18, 2020) (explaining that the Commissioner's undeveloped arguments were deemed waived).

The ALJ's finding as to "benign objective findings" is not sufficiently explained. In discounting Plaintiff's testimony earlier in the decision, the ALJ concluded that "the objective findings from the physical examinations were benign. The pertinent findings included decreased range of motion, tenderness, positive McMurray test, antalgic gait, and weakness (Exs. 3F/16-17; 4F/5)." A.R. 23.[2] The ALJ does not actually explain *why* those findings are properly considered "benign" or why they would be inconsistent with the limitations identified. As a result, the ALJ's conclusion that Dr. Nishiyama's opinion was inconsistent by benign medical findings is not sufficiently explained. *See, e.g.*, *Candy R. v. Bisignano*, 2025 WL 2254055, at *3 (D. Nev. Aug. 7, 2025) (citing *Grigsby v. Saul*, 845 Fed. Appx. 657, 658 (9th Cir. 2021)).[3]

The ALJ's finding as to daily activities is not sufficiently explained. Plaintiff acknowledged below that he works part-time as a delivery person, though he also works only limited days each month and has obtained an accommodation to deliver only small packages. *See* A.R. 67. While an ALJ is permitted to consider work activity, including part-time work, in

---

[2] The Commissioner provides a string citation to instances in the record that might show a benign medical condition. *See* Docket No. 12 at 6. The Court limits its analysis to the reasoning articulated by the ALJ, along with the citations to the record provided by the ALJ. *See, e.g.*, *Walker v. Comm'r of Soc. Sec.*, 2024 WL 64784, at *4 (D. Nev. Jan. 4, 2024).

[3] The ALJ also earlier discusses the lack of evidence of atrophy. *See* A.R. 23. If lack of atrophy was meant to be within the universe of the "benign objective findings detailed above" relied upon to discount Dr. Nishiyama's opinion, *see* A.R. 24, then the ALJ erred in so finding because Dr. Nishiyama did not opine that Plaintiff would be bedridden, *see, e.g.*, *Candy R.*, 2025 WL 2254055, at *5 & n10 (citing *Rawa v. Colvin*, 672 Fed. Appx. 664, 667 (9th Cir. 2016)).

6

determining disability, *see Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. Feb. 20, 2020); *see also Malone v. Saul*, 2020 WL 856371, at *6 (D. Nev. Feb. 3, 2020) (collecting cases), an ALJ must explain how the identified activities are inconsistent with the limitations to appropriate work being addressed, *see Henderson*, 2020 WL 774360, at *6 (quoting *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990)). The ALJ provided no such explanation in this case.

Accordingly, the ALJ's finding that Dr. Nishiyama's opinion is not consistent with the record is not supported by substantial evidence.

### B.     Residual Functional Capacity

Plaintiff argues that the ALJ erred in formulating the residual functional capacity for some of the same reasons discussed above with respect to improperly discounting Dr. Nishiyama's opinion more specifically. *See, e.g.*, Docket No. 9 at 12-16. Accordingly, the Court also agrees with Plaintiff that the ALJ erred in formulating the residual functional capacity.

### C.     Relief Warranted

The Court turns to the appropriate relief to order. As an initial matter, Plaintiff explains that discounting Dr. Nishiyama's opinion was not harmless because the limitations identified therein would translate into a finding of disability, *see* Docket No. 9 at 5-6, and the Commissioner does not counter that argument. The Court does not find the errors identified herein to be harmless.

Upon finding that an ALJ committed harmful error, the Ninth Circuit has made clear that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). A court may instead remand for an award of benefits when several conditions are met, including that the record has been fully developed and further administrative proceedings would serve no useful purpose. *See id.* at 1101. Although Plaintiff argues on appeal that a finding of disability is clear such that benefits should be awarded, *see, e.g.*, Docket No. 9 at 16-17, this case does not present the "rare circumstance" in which remand would serve no useful purpose.

## IV. CONCLUSION

The decision below is **REVERSED** and the case is hereby remanded for further proceedings consistent with this order. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** in Plaintiff's favor, and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: October 22, 2025

                                                                                           _____
Nancy J. Koppe
United States Magistrate Judge